

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

**AUSTIN 11, TEXAS**

August 18, 1948

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Opinion No. V-661

Re: The legality of the
Insurance Depart-
ment issuing a per-
mit to a company to
transact the business
contemplated in Arti-
cle 1302a, Sec. 1, par-
agraphs (2), (3), and (4)
without concurrently
issuing a permit to
transact business un-
der para. (1) of said
Section and Article,
and related questions.

Dear Sir:

You have requested the opinion of this office on the fol-
lowing situation:

"The Stewart Title and Trust Company, Houston,
Texas, received the approval of your Department of
its original Articles of Incorporation June 24th of
this year. The purposes set out in the Articles in-
clude all of those enumerated in Section 1, Article
1302-A.

"The Company has applied to this Department to
exercise only those charter powers enumerated un-
der numbered paragraphs (2), (3), and (4) of Section
1 and does not wish to apply for a permit to exercise
the charter power described in numbered paragraph
(1) of the above Article.

"Please advise me whether this Department may
issue its permit to the Company to transact the busi-
ness contemplated in numbered paragraphs (2), (3),
and (4) of Article 1302-A, Section 1, without concur-
rently issuing a permit to the Company to transact

business under the provisions of numbered paragraph (1) of the same Section and Article.

"If your answer should be in the affirmative please advise me whether ... (a) the Company will be required to make the deposit provided for in Section 6 of Article 1302-A; (b) whether the Company is relieved of the requirement of examination by this Department; and (c) whether there is any deposit required of the Company with the State Treasurer or otherwise, as the condition precedent to the exercise of the trust powers provided for in numbered paragraph (4) of Section 1, Article 1302-A."

The caption of Chapter 40, Acts of the Forty-first Legislature, 1929, page 77 (codified as Article 1302a, Vernon's Civil Statutes), is in part as follows:

"An Act authorizing the creation of corporations for the purpose of compiling and/or acquiring and owning abstract plants in this or any other state, and to compile and sell abstracts of titles therefrom and to insure the title to lands and interests therein and liens thereon, and authorizing such corporations to accumulate and lend money, to deal in securities, and to act as trustee, receiver, executor, administrator and guardian; regulating the amount of paid in capital of all corporations operating under this Act; requiring all corporations created or permitted to do business under this Act and those created under Subdivision 57, Article 1302, and Chapter 18, Title 78, Revised Statutes of 1925, and all other corporations insofar as the business of either comes within the purposes named above to operate under the control of and subject to regulations as to forms of policies and prices prescribed by the Board of Insurance Commissioners' . . ." (Emphasis added)

Section 1 of the Act is in part as follows:

"Private corporations may be created for the following named purposes;

"(1) To compile and own, or to acquire and own records or abstracts of title to lands and interests in lands; and to insure titles to lands or interests therein, both in Texas and other states of the United States, and indemnify the owners of such lands, or the holders of interests in or liens on such lands, against loss

> or damage on account of incumbrances upon or
> defects in the title to such lands or interests
> therein.. . ."

This plain and unambiguous language indicates the legislative intent of permitting a private corporation to be formed for the purpose of (a) "To compile and own, or to acquire and own records or abstracts of title to lands and interests in lands," and (b) "To insure titles to lands or interests therein, . . . and indemnify the owners of such lands, or the holders of interests in or liens on such lands, against loss or damage on account of incumbrances upon or defects in the title to such lands or interests therein." Under the rule laid down by the Supreme Court of Texas in the case of Ramsey v. Tod, 95 Tex. 614, 69 S.W. 133, a private corporation may be formed to engage in either or both of purposes (a) and (b). In that opinion it was stated that:

> ". . . if the intent of the original law was to permit
> an incorporation for one of the specified purposes
> only, and a subsequent legislature had desired to
> change the law in so important particular, and to
> permit an incorporation for two of the purposes,
> they would have expressed their intention in clear
> language, and not have left it to be implied by ques-
> tionable inferences.. . ."

However, in the enactment of Section 1 of Chapter 40, the Legislature added the following provisions:

> "Such corporations may also exercise the fol-
> lowing powers by including same in the charter
> when filed originally, or by amendment:

> "(2) Make and sell abstracts of title in any
> counties of Texas or other states.

> "(3) To accumulate and lend money, to pur-
> chase; sell or deal in notes, bonds and securities;
> but without banking privileges.

> "(4) To act as trustee under any lawful trust
> committed to it by contract or will, appointment
> by any court having jurisdiction of the subject
> matter as trustee, receiver or guardian and as
> executor or guardian under the terms of any will
> and as any administrator of the estates of dece-
> dents under the appointment of the court." (Em-
> phasis added)

It will be noted that Subdivisions (3) and (4) are almost identical with some of the purpose clauses named in Chapter 275, Section 1, Acts 40th Legislature, 1927, page 414 (codified as Art. 1303b, V.C.S.), and all such corporations exercising for their purpose or purposes any or all of the powers authorized therein either in whole or in part are subject to regulation by the Banking Commissioner of Texas under the provisions of Chapter 165, Acts 42nd Legislature, 1931, page 280, as amended (codified as Art. 1524a, V.C.S.).

Section 13 of Article 1302a is as follows:

"If any company operating under the provisions of this Law shall engage in the characters of business described in subdivisions (2) and (3) in the first Section hereof in such manner as might bring it within the provision of any other regulatory Statute now or hereafter to be in force within the State of Texas, all examination and regulation shall be exercised by the Board of Insurance Commissioners rather than any other State agency which may be named in such other laws, so long as such corporation engages in the title guaranty or insurance business."

From the foregoing statutory provisions it is evident that the intention of the Legislature in enacting Article 1302a was to provide for the creation of private corporations for the purpose of engaging in the business of compiling and/or owning abstract plants and to insure the titles to lands or interests therein. The corporation could at the time of obtaining its original charter or thereafter by proper amendment, exercise the additional powers contained in Subsections (2), (3), and (4) above set forth; but it was essential that the corporation must primarily be created for and exercise the original purpose of acquiring and owning abstract plants and/or insuring titles to lands or interests in lands. The additional powers are supplementary to and do not form part of the original purposes for which the private corporation was created.

After the corporation was so created, and in case it availed itself of the privilege of engaging in any of the businesses authorized under Subsections (2) and (3), it was subject to regulation in the conduct of such business by the Board of Insurance Commissioners and not by other regulatory bodies such as the Banking Commissioner, as long as the corporation was engaged in the title guaranty or insurance business.

The plain and unmistakable language of Section 1 indicates that it was not the intention of the Legislature to permit a

corporation to engage in the businesses set forth in Subsections (2), (3), and (4) without engaging in the business set forth in Subsection 1; and therefore your Department would be without authority to issue its permit to the Company to transact the business contemplated in Subsections (2), (3), and (4) of Article 1302a, Section 1, without concurrently issuing a permit to the Company to transact business under Subsection 1 of the same Section and Article. In view of this holding, it is not necessary to answer the question contained in the last paragraph of your request.

## SUMMARY

A corporation created under the provisions of Art. 1302a, V.C.S. may not engage in the businesses provided for in Subsections (2), (3), and (4) of Sec. 1 of such Article unless it is primarily engaged in the business authorized under Subsection 1 of the same Section and Article.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR/JCP

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL